IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PARTSBADGER LLC,

       Plaintiff,

   v.                                 Case Number: 25-cv-2060

SYNVENTIVE ENGINEERING LLC (d/b/a DemandCNC),
DIMENSIONALX LLC, and
JAMES G. BLOOMFIELD,

       Defendants.

## COMPLAINT

Plaintiff, PARTSBADGER LLC, by its attorneys Smith Keane LLP, by Garet K. Galster,
Melissa A. Spindler, and Jordan A. Liff, for its Complaint against Defendants SYNVENTIVE
ENGINEERING LLC (d/b/a DemandCNC) and DIMENSIONALX LLC, (collectively, the LLC
Defendants) and JAMES G. BLOOMFIELD, alleges as follows:

### THE PARTIES

1.     Plaintiff PartsBadger LLC (hereinafter "PartsBadger") is a Wisconsin limited
liability company having a principal place of business address of W66N205 Commerce Ct.,
Cedarburg, WI 53012.

2.     Upon information and belief, Defendant Synventive Engineering LLC
(hereinafter "Synventive") is a California limited liability company having a principal place of
business address of 3301 Michelson Dr Unit 1534, Irvine, CA 92612.

3.     Upon information and belief, Defendant DimensionalX LLC (hereinafter
"DimX") is a Tennessee limited liability company having a principal place of business address of

1

2615 Lebanon Pike, Suite B, Nashville, TN 37214.

4.      Upon information and belief, Defendant James G. Bloomfield (hereinafter "Bloomfield") is a California resident that may be found at 3301 Michelson Dr Unit 1534, Irvine, CA 92612.

## JURISDICTION AND VENUE

5.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. and the laws of the State of Wisconsin and is a complaint for trademark infringement and unfair competition. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6.      This Court has personal jurisdiction over Defendants because Defendants are engaged in substantial and not isolated activities within this state, are targeting their efforts to harm citizens of this state and falsely represents that he is providing services from this state on behalf of PartsBadger.

7.      This Court further has personal jurisdiction over Defendants because solicitation activities were carried on purportedly within or from this state by or on behalf of Defendants.

8.      Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (b)(3) and (c) and 1400(a).

## FACTUAL BACKGROUND AND NATURE OF THE CASE

### About PartsBadger

9.      PartsBadger was organized in 2016 by machinists self-taught on a CNC machine, recognizing that the process for ordering custom machined parts was outdated, overly expensive, and unreliable.

10.     Using modern tools, PartsBadger has created and developed an improved

methodology to provide instant quotes, great prices, and reliable performance in the custom machined parts market.

11.     PartsBadger has become synonymous with high-quality services in the areas of design consultation, materials selection, precision programming of machine tools, machining execution, quality control, and finishing of machined parts.

12.     PartsBadger offers CNC machining, multi-axis machining, expedited CNC manufacturing, Swiss CNC machining, injection molding, sheet metal, 3D printing, urethane casting, and investment casting services, and ensures quality control thereof.

13.     PartsBadger has customers throughout the United States and also outside of the United States.

14.     PartsBadger owns common law trademark rights in the mark PARTSBADGER, as such mark has been used on or in connection with the advertising and rendering of its services since at least as early as 2016.

15.     PartsBadger owns common law trademark rights in the following logo (the "PartsBadger Logo"), through PartsBadger's continuous and systematic use in commerce on or in connection with the advertising and rendering of its services since at least as early as August 2018:



16.     PartsBadger owns common law trademark rights in the following composite mark (the "PartsBadger Composite Mark"), through PartsBadger's continuous and systematic use in

3

commerce on or in connection with the advertising and rendering of its services since at least as early as August 2018:



17.     In 2019, PartsBadger applied for federal trademark registration for the standard character word mark PARTSBADGER by filing U.S. trademark application serial number 88516319 with the United States Patent and Trademark Office ("USPTO").

18.     The application resulted in U.S. trademark registration number 5,972,679, which registered on January 28, 2020 (the "PartsBadger Registration").

19.     On April 2, 2025, PartsBadger filed a combined declaration of use and incontestability under 15 U.S.C. §§ 1058 and 1065, respectively.

20.     The declaration of use under 15 U.S.C. § 1058 was accepted by the USPTO on August 6, 2025.

21.     The declaration of incontestability under 15 U.S.C. § 1065 was acknowledged on August 6, 2025.

22.     Accordingly, the PartsBadger Registration is valid, subsisting, and incontestable.

**Defendants' Acts**

23.     Defendant Bloomfield, from April 27, 2020, was an independent sales representative for PartsBadger.

24.     On February 26, 2025, Bloomfield entered a separation agreement with PartsBadger to terminate the independent sales representation arrangement between them.

25.     At least as early as that same day, Bloomfield (from what is upon information and belief an email domain owned by Defendant Synventive), reached out to directly solicit business from a PartsBadger customer.

26.     To date Defendants' competition with PartsBadger includes outright taking, copying and/or imitation by Defendants of PartsBadger trademarks and confusingly similar imitations thereof.

27.     Defendants further have made and continue to make substantive factual misrepresentations, including Bloomfield's association with PartsBadger and purported acquisition of PartsBadger by Defendant Synventive and, additionally or alternatively, by Defendant DimensionalX, where no such acquisition has occurred.

28.     Defendants have directly contacted PartsBadger customers to solicit business.

29.     Defendants have directly contacted PartsBadger vendors for assistance with their businesses.

30.     Such communications from any Defendant to any third party including any indication of any association of any Defendant with PartsBadger (the "Third Party Communications"), have caused actual confusion in the marketplace at least as to Defendants' association with PartsBadger and/or vice versa.

31.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the LLC Defendants have or have attempted to, since their inceptions, rendered services directly competitive with PartsBadger, comprising 3D printing, injection molding, CNC, and sheet metal cutting and forming services.

32.     Defendants have advertised, or have attempted to advertise, its services at least in Third Party Communications including the following signature block (with and without

PartsBadger logo and/or composite mark) (comments provided in brackets]:

> James Bloomfield
> VP of Engineering [Bloomfield is not a VP at PartsBadger]
> www.parts-badger.com [this is PartsBadger's website]
> jbloomfield@thepartsbadger.com [this is not a PartsBadger email address]
> Midwest CNC Manufacturing Plant
> W66N205 Commerce Court [this is PartsBadger's address]
> Cedarburg, WI 53012 [this is Parts Badger's address]
> 949-528-5010 [this is not a PartsBadger phone number].

33.    Such advertisements have been undertaken at least negligently by Defendants with the effects of creating a false association with PartsBadger, of reducing Defendants' advertising expenditures, of soliciting PartsBadger customers, and of causing competitive harm to PartsBadger.

34.    Defendants have directly solicited customers of PartsBadger, representing to third parties a direct connection between one or more Defendant(s) and PartsBadger.

35.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have diverted business from PartsBadger by appearing to be associated therewith and receiving business as a result of Third Party Communications.

36.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have caused PartsBadger to lose business because of confusion between the Defendants and PartsBadger caused at least in part by Defendants' trademark infringement.

37.    Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have caused PartsBadger to lose business because of confusion between the Defendants and PartsBadger caused at least in part by Defendants' false representations.

38.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have caused PartsBadger to lose business because of confusion between the Defendants and PartsBadger caused at least in part by Defendants' false association with PartsBadger.

39.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the LLC Defendants, since their inception, have not followed and do not follow proper corporate formalities.

40.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the LLC Defendants have commingled assets.

41.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Bloomfield has commingled assets with one or more of the LLC Defendants.

42.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, each of the LLC Defendants does not have a corporate identity that is separate from the other LLC Defendant.

43.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, each of the LLC Defendants does not have a corporate identity that is separate from Bloomfield.

**Count I**
Federal Trademark Infringement
15 U.S.C. § 1114
**PARTSBADGER**

44.     PartsBadger realleges and incorporates by reference paragraphs 1-43 of the Complaint.

45.     Defendants' use of PARTSBADGER, at least in Third Party Communications

7

(from and to individuals in the United States, and purportedly from Wisconsin) as a part of the PartsBadger composite mark constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the PartsBadger Registration in connection with the sale, offering for sale, or advertising of goods and services that is likely to cause confusion, or to cause mistake, or to deceive.

46.     Defendants' use of an email domain of "thepartsbadger.com" to engage in Third Party Communications (from and to individuals in the United States, and purportedly from Wisconsin) constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the PartsBadger Registration in connection with the sale, offering for sale, or advertising of goods and services that is likely to cause confusion, or to cause mistake, or to deceive.

47.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the geographic area of Defendants' use of PARTSBADGER overlaps with the geographic area of PartsBadger's use of its marks.

48.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants have intended to palm off their services as services offered by, and/or insinuate a connection with, PartsBadger.

49.     The services offered by PartsBadger and offered or attempted to be offered by Defendants are at least partially identical.

50.     Without permission, Defendants have used the PARTSBADGER mark to advertise their services.

51.     PartsBadger never granted any Defendant any license to use the PARTSBADGER mark, or any portion or imitation thereof.

52.     Upon information and belief, Defendants continue to use the PARTSBADGER mark and indicated email domain to solicit business.

53.     Defendants' conduct has caused actual confusion on behalf of customers and vendors of PartsBadger.

54.     The foregoing acts of Defendants constitute trademark infringement under 15 U.S.C. § 1114.

55.     By way of the foregoing acts of Defendants, PartsBadger believes that it is, has been, or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause PartsBadger continuing irreparable harm.

**Count II**
Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination
15 U.S.C. § 1125(a)
**PartsBadger Logo and Composite Mark**

56.     PartsBadger realleges and incorporates by reference paragraphs 1-55 of the Complaint.

57.     The PartsBadger Logo is inherently distinctive.

58.     The PartsBadger Composite Mark is inherently distinctive.

59.     Defendants' use of the PartsBadger Logo to advertise (at least through Third Party Communications) related and/or identical goods and services as those offered by PartsBadger is likely to cause confusion, or to cause mistake as to the source of or association of Defendants' goods and services with PartsBadger, which provides such services, and advertises using the PartsBadger logo.

60.     Defendants' use of the PartsBadger Composite Mark to advertise (at least through Third Party Communications) related and/or identical goods and services as those offered by PartsBadger is likely to cause confusion, or to cause mistake as to the source of or association of

Defendants' goods and services with PartsBadger, which provides such services, and advertises using the PartsBadger logo.

61.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the geographic area of Defendants' use of the PartsBadger Logo and Composite Mark is within or overlaps the geographic area of PartsBadger's use of the PartsBadger Logo and Composite Mark.

62.     PartsBadger never granted any Defendant any license to use the PartsBadger Logo.

63.     PartsBadger never granted any Defendant any license to use the PartsBadger Composite Mark.

64.     Without permission, Defendants have used the PartsBadger Logo and Composite Mark to advertise their services.

65.     Defendants continue to use the PartsBadger Logo and Composite Mark to advertise their services.

66.     The foregoing acts of Defendants constitute unfair competition and false designation of origin and misleading representation of fact that have caused confusion and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant(s) with PartsBadger, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by PartsBadger.

67.     Defendants' acts constitute violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

68.     By way of the foregoing acts of Defendants, PartsBadger believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause PartsBadger

continuing irreparable harm.

## Count III
### False Or Misleading Representation Of Fact/False Association
### 15 U.S.C. § 1125(a)
### Representation of Continued Association with PartsBadger

69.     PartsBadger realleges and incorporates by reference paragraphs 1-68 of the Complaint.

70.     Defendants, through actions by Bloomfield, at least through his continued use of the title "VP of Engineering" and the business address of PartsBadger in an email signature block in Third Party Communications, have represented a continued association between Defendants and PartsBadger.

71.     Defendants, through actions by Bloomfield, at least through his continued use of the PartsBadger composite mark in an email signature block in Third Party Communications, have represented a continued association between Defendants and PartsBadger.

72.     The foregoing acts of Defendants constitute unfair competition and false designation of origin and false descriptions and representations of fact that have caused confusion and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant(s) with PartsBadger, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by PartsBadger.

73.     Defendants' acts constitute violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

74.     By way of the foregoing acts of Defendants, PartsBadger believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause PartsBadger continuing irreparable harm.

11

**Count IV**
False Or Misleading Description Of Fact/Misrepresentation of Commercial Activity
15 U.S.C. § 1125(a)
**False Description of Purchase of PartsBadger**

75.     PartsBadger realleges and incorporates by reference paragraphs 1-74 of the Complaint.

76.     Bloomfield falsely stated in a Third Party Communication that PartsBadger had been acquired by Synventive Engineering.

77.     PartsBadger had and has not been acquired by Synventive Engineering.

78.     Bloomfield's statement that PartsBadger had been acquired by Synventive Engineering was use in commerce of a false description or representation of fact.

79.     Defendants' statement that PartsBadger had been acquired by Synventive Engineering has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Bloomfield with PartsBadger through such purported acquisition.

80.     Defendants' statement that PartsBadger had been acquired by Synventive Engineering has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by PartsBadger.

81.     Bloomfield falsely stated in at least one telephonic communication that PartsBadger had been purchased by "Dim X."

82.     PartsBadger had and has not been purchased by Dim X.

83.     Bloomfield's statement that PartsBadger had been purchased by Dim X was use in commerce of a false description or representation of fact.

84.     Defendants' statement that PartsBadger had been purchased by Dim X has caused

12

actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Bloomfield with PartsBadger through such purported acquisition.

85.     Defendants' statement that PartsBadger had been purchased by Dim X has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by PartsBadger.

86.     The foregoing acts of Defendants constitute unfair competition and false description and false representation of fact in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

87.     By way of the foregoing acts of Defendants, PartsBadger believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause PartsBadger continuing irreparable harm.

**Count V**
Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination
15 U.S.C. § 1125(a)
**Bad Faith Registration and Use of Domain**

88.     PartsBadger realleges and incorporates by reference paragraphs 1-87 of the Complaint.

89.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, at least one of the Defendants registered the internet domain "thepartsbadger.com".

90.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, at least one of the Defendants registered the internet domain "thepartsbadger.com" through the domain name registrar GoDaddy.com, LLC.

91.     GoDaddy.com, LLC is a domain name registrar accredited by Internet Corporation for Assigned Names and Numbers (ICANN).

92.     Upon information and belief, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the registration of the internet domain "thepartsbadger.com" was primarily for the purpose of disrupting the business of PartsBadger.

93.     By using the internet domain "thepartsbadger.com", at least as an email domain, Defendants have intentionally attempted to attract, for commercial gain, internet users to other online locations, by creating a likelihood of confusion with PartsBadger's PARTSBADGER trademark as to the source, sponsorship, affiliation, or endorsement of Defendants' product or service.

94.     Defendants' use of an @thepartsbadger.com email address has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with PartsBadger.

95.     Defendants' use of an @thepartsbadger.com email address has caused actual confusion and is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by PartsBadger.

96.     The foregoing acts of the Defendants constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

97.     By way of the foregoing acts of Defendants, PartsBadger believes that it is or is likely to be damaged by such acts. Defendants' acts, unless enjoined, will cause PartsBadger continuing irreparable harm.

**Count VI**
Wisconsin Common Law Unfair Competition and Trademark Infringement

98.     PartsBadger realleges and incorporates by reference paragraphs 1-97 of the Complaint.

99.     The PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark are each inherently distinctive or have acquired secondary meaning and are thereby valid common law trademarks.

100.    PartsBadger is the rightful owner of all common law rights in the PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark.

101.    Defendants' use of the PARTSBADGER name, the PartsBadger Logo, and the PartsBadger composite mark to advertise related and identical services to those offered by PartsBadger have caused and are likely to continue to cause confusion, or to cause mistake as to the source of or association of Defendants' services with PartsBadger.

102.    Defendants could have chosen any number of alternative non-infringing names and/or logos, but instead chose to use counterfeits of PartsBadger marks, which they were fully aware of, and which are confusingly similar to the PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark, and such use blemishes the distinctiveness of PartsBadger's identifiers.

103.    Defendants' acts constitute unfair competition, unfair trade practice and infringement of PartsBadger's common law rights and are in violation of the common law of the State of Wisconsin.

104.    Defendants' use of the PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark was done with willful intent, harmful motive and reckless indifference to PartsBadger's rights.

105.    Defendants have been unjustly enriched by their acts.

106.    Defendants' uses of the PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark, have caused and, unless enjoined, will continue to cause irreparable harm to PartsBadger.

### Count VII
Wisconsin Statutory Unfair Competition
Wis. Stat. § 100.18

107.    PartsBadger realleges and incorporates by reference paragraphs 1-106 of the Complaint.

108.    The Third Party Communications were made with intent to sell or increase the consumption of services offered by Defendants.

109.    The Third Party Communications were made directly to such third parties for hire or with intent to induce such third parties to enter into a contract or obligation related to the purchase, sale, hire, or use of services provided by Defendants.

110.    The Third Party Communications were (or were caused to be) made, disseminated or otherwise placed before such third parties, purportedly from the state of Wisconsin in the form of an email letter.

111.    The Third Party Communications were in furtherance of the business of Defendants, including statements and representations related to the purchase, sale, hire, or use of services provided by Defendants.

112.    The statements and representations made in the Third Party Communications contain assertions, representations and/or statements of fact which are untrue, deceptive or misleading.

113.    Untrue, deceptive or misleading statements contained in Third Party Communications include at least the following:

a. February 26, 2025, email from domain "demandcnc.com" to PartsBadger customer using the following in the email signature block:
"James Bloomfield
VP of Engineering
www.parts-badger.com"

b. June 9, 2025, email from jbloomfield@thepartsbadger.com email signature block:
"James Bloomfield
VP of Engineering
www.parts-badger.com
jbloomfield@thepartsbadger.com
Midwest CNC Manufacturing Plant
W66N205 Commerce Court
Cedarburg, WI 53012
949-528-5010
ISO 9001:2015 Certified | AS9100 Certified | ITAR Compliant"

c. June 10, 2025, email from jbloomfield@thepartsbadger.com
"we were recently acquired by Synventive Engineering." signed using above June 9 signature block.

d. June 10, 2025, email from jbloomfield@thepartsbadger.com
"Don't go thru the portal, send them directly to me. The online portal is changing to the new company."

e. June 2, 2025, email from jbloomfield@thepartsbadger.com
continuing to use above signature block and PartsBadger Logo to mislead as to connection with PartsBadger.

f. August 2025, quote sent by DimensionalX LLC to PartsBadger customer after informing customer over the phone that "Parts Badger was purchased by Dim X and that [Bloomfield's] email had changed."

114. Accordingly, Defendants have violated Wis. Stat. § 100.18(1).

115. PartsBadger has suffered, and continues to suffer, pecuniary loss because of Defendants' violation of Wis. Stat. § 100.18(1), so PartsBadger has standing under Wis. Stat. § 100.18(11)(b)2.

116. Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm to PartsBadger.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants with

respect to all of the foregoing Counts as follows:

A. Immediately and preliminarily enjoining (motion for preliminary injunction forthcoming) each Defendant, its servants, agents and employees, and all other persons in active concert or participation with any Defendant, and its successors and assigns, from directly or indirectly:

(1) using, reproducing, creating, distributing or publicly displaying any of PartsBadger's marks, names, or logos, or any colorable imitation of any of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(2) expressly or impliedly representing itself to customers, potential customers, suppliers, potential suppliers or the public to be affiliated in any way with PartsBadger;

(3) representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the respective Defendant is supplied, authorized, sponsored, or endorsed by or otherwise connected with PartsBadger;

(4) using the internet domain of "thepartsbadger.com" in conduct of any portion of its business, including email communication;

(5) otherwise infringing any PartsBadger trademark rights; and/or

(6) competing unfairly with PartsBadger in any manner by improperly using any PartsBadger trademark or service mark, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of the respective Defendant's

services;

B. Holding Defendants' acts constitute unfair competition and trademark infringement, as described above;

C. Holding Defendants' acts constitute willful unfair competition and trademark infringement, as described above;

D. Holding this case exceptional;

E. Permanently enjoining each Defendant, its servants, agents and employees, and all other persons in active concert or participation with any Defendant, and its successors and assigns, from directly or indirectly:

(1) using, reproducing, creating, distributing or publicly displaying any of PartsBadger's marks, names, or logos, or any colorable imitation of any of them, in the advertising (including on the Internet), promotion, or rendering of its services;

(2) expressly or impliedly representing itself to customers, potential customers, suppliers, potential suppliers or the public to be affiliated in any way with PartsBadger;

(3) representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the respective Defendant is supplied, authorized, sponsored, or endorsed by or otherwise connected with PartsBadger;

(4) using the internet domain of "thepartsbadger.com" in conduct of any portion of its business, including email communication;

(5) otherwise infringing any PartsBadger trademark rights; and/or

(6) competing unfairly with PartsBadger in any manner by improperly using any PartsBadger trademark or service mark, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of the respective Defendant's services;

F. Ordering Defendants to deliver up for destruction all materials, advertisements, and communications, in its possession or control containing the PARTSBADGER mark, the PartsBadger Logo, and the PartsBadger Composite Mark, or any colorable imitation of any of them;

G. Ordering Defendants to transfer of ownership of the domain registration for the internet domain "thepartsbadger.com" to PartsBadger;

H. Ordering each Defendant to file with this Court and serve on PartsBadger, within thirty (30) days from the date of entry of any restraining order and/or injunction, a report in writing, under oath, setting forth in detail the manner and form in which each respective Defendant has complied with the terms of the respective restraining order and/or injunction;

I. Ordering the Defendants, jointly and severally, to pay PartsBadger:

(1) all profits, gains and advantages obtained by Defendant from the Defendants' unlawful conduct, including profits and corrective advertising damages in an amount to be determined at trial;

(2) all monetary damages sustained and to be sustained by PartsBadger as a consequence of Defendants' unlawful conduct, including lost profits, in an amount to be determined at trial;

(3) enhanced damages (e.g., pursuant to 15 U.S.C. § 1117(a));

(4) mandatory statutory pecuniary loss suffered by PartsBadger and costs, including reasonable attorney fees (pursuant to Wis. Stat. § 100.18(11)(b)2.); and

(5) PartsBadger's costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; of which nothing pleaded herein shall constitute an election of remedies;

J. Assessing court costs against the Defendants; and

K. Awarding such other relief as this Court may deem just and proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), PartsBadger hereby demands and requests a trial by jury of all claims and issues so triable.

Date:   December 31, 2025                    Respectfully submitted,

By: ___s/Garet K. Galster_____
Garet K. Galster (WI Bar: 1056772)
Melissa A. Spindler (WI Bar: 1050361)
Jordan A. Liff (WI Bar: 1124717)

SMITH KEANE LLP
515 W. North Shore Dr., Suite 200
Hartland, WI  53029
Telephone: 262.563.1438
Facsimile: 262.563. 1438
gkg@keaneip.com
mas@keaneip.com
jal@keaneip.com
docketing@keaneip.com

*Attorneys for Plaintiff*
*PartsBadger LLC*